No. 19-56510

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

IN RE: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA
ACCOUNTS XXXX1889, ET AL.,

UNITED STATES OF AMERICA,
*PLAINTIFF-APPELLEE,*

v.

JAMES LARKIN, JOHN BRUNST, MICHAEL LACEY, AND SCOTT SPEAR,
*Movants-Appellants.*

On Appeal from the United States District Court for the Central District of
California, The Honorable R. Gary Klausner, United States District Judge

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## APPELLANTS' PETITION FOR PANEL REHEARING
## AND REHEARING EN BANC

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Robert Corn-Revere
Ronald G. London
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: bobcornrevere@dwt.com
Email: ronaldlondon@dwt.com

James C. Grant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: jamesgrant@dwt.com

*Additional Counsel Listed on Next Page*

*List of Additional Counsel*

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
Email: tbienert@bienertkatzman.com
Email: wbernstein@bienertkatzman.com

Paul John Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME
CAMBRIA LLP
42 Delaware Ave., Suite 300
Buffalo, NY 14202-3857
Telephone: (716) 849-1333
Email: pcambria@lglaw.com
Email: emccampbell@lglaw.com

Bruce Feder
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, AZ 85016
Direct: (602) 257-0135
Email: bf@federlawpa.com

Gary S. Lincenberg
Ariel A. Neuman
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW P.C.
1875 Century Park East, Suite 2300
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Email: glincenberg@birdmarella.com
Email: aneuman@birdmarella.com

*Counsel for Appellants*
*James Larkin, John Brunst, Michael Lacey, and Scott Spear*

# TABLE OF CONTENTS

Page

I.     INTRODUCTION AND RULE 35(b) STATEMENT ...................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ...................................3

III.   REASONS FOR GRANTING REHEARING ................................................5

      A.    The Panel Decision Conflicts With *United States v. Oriho*..................5

      B.    *Oriho* Reaffirms Consistent Ninth Circuit Authority That
            Permits Interlocutory Appeal of Orders Restraining Assets for
            Forfeiture. ............................................................................................6

      C.    Ninth Circuit Authority Is Consistent With Decisions of Other
            Circuits ................................................................................................8

      D.    The Panel's Interpretation of *DiBella* Is Inconsistent With
            Ninth Circuit Cases. ..........................................................................10

      E.    The Panel's Decision Raises Issues of Exceptional Importance. .......13

IV.   CONCLUSION...............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. United States*,
    509 U.S. 544 (1993)........................................................................12

*Andersen v. United States*,
    298 F.3d 804 (9th Cir. 2002) ......................................................10, 11

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541 (1949)........................................................................10

*DeMassa v. Nunez*,
    747 F.2d 1283 (9th Cir. 1984) ....................................................10, 11

*DiBella v. United States*,
    369 U.S. 121 (1962)...................................................................*passim*

*Fort Wayne Books, Inc. v. Indiana*,
    489 U.S. 46 (1989)..................................................................4, 12, 15

*In re Any & All Funds Held in Republic Bank of Arizona Accounts*,
    774 F. App'x 400 (9th Cir. 2019) ..........................................1, 2, 4, 13

*In re Assets of Martin*,
    1 F.3d 1351 (3d Cir. 1993) ..............................................................9

*Luis v. United States*,
    136 S. Ct. 1083 (2016)...................................................................14

*Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*,
    502 US. 105 (1991)..........................................................................4

*United States v. Crozier*,
    674 F.2d 1293 (9th Cir. 1982); 777 F.2d 1376 (9th Cir. 1985).................*passim*

*United States v. E-Gold, Ltd.*,
    521 F.3d 411 (D.C. Cir. 2008 ..........................................................8

*United States v. Ferrantino*,
    738 F.2d 109 (6th Cir. 1983) .......................................................9, 12

*United States v. Floyd*,
992 F.2d 498 (5th Cir. 1993) ...................................................................9

*United States v. Kaley*,
579 F.3d 1246 (11th Cir. 2009) ...........................................8, 13, 14

*United States v. Kirschenbaum*,
156 F.3d 784 (7th Cir. 1998) ...............................................................8

*United States v. Lewis*,
759 F.2d 1316 (8th Cir. 1985) ....................................................9, 12

*United States v. Melrose E.*,
357 F.3d 493 (5th Cir. 2004) ...............................................................8

*United States v. Monsanto*,
836 F.2d 74 (2d Cir. 1987) ..........................................................9, 13

*United States v. Musson*,
802 F.2d 384 (10th Cir. 1986) ............................................................9

*United States v. Oriho*,
969 F.3d 917 (9th Cir. 2020) .................................................*passim*

*United States v. Real Prop. Located at 1407 North Collins St, Arlington, Texas.*, 901 F.3d 268 (5th Cir. 2018) ............................................8

*United States v. Ripinsky*,
20 F.3d 359 (9th Cir. 1994) ....................................................2, 7, 8, 13

*United States v. Roth*,
912 F.2d 1131 (9th Cir. 1990) ...............................................*passim*

*United States v. Spilotro*,
680 F.2d 612 (1982)...........................................................2, 7, 12, 13

*United States v. Statewide Auto Parts, Inc.*,
971 F.2d 896 (2d Cir. 1992) ...............................................................9

**Statutes**

18 U.S.C.

    § 371 ................................................................................................4

    § 1952 ..............................................................................................4

    § 1956 ..............................................................................................4

    § 1957 ..............................................................................................4

28 U.S.C. § 1292(a)(1) .............................................................*passim*

**Rules**

Fed. R. App. P.

**Constitutional Provisions**

U.S. Const.

    amend. I .......................................................................*passim*

    amend. V ........................................................................6, 13

    amend. VI .......................................................................13

# I.     INTRODUCTION AND RULE 35(b) STATEMENT

In this case, four individuals ("Claimants") challenged the government's *ex parte* pretrial civil seizures of their bank accounts, investments, and property, depriving them of assets to fund their defense in a parallel criminal case. Claimants moved to invalidate the seizures on First Amendment grounds, specifically the government's theory that it could seize all of their assets because they formerly held ownership interests in the Backpage.com website, and the government alleged that all ads on the site were for prostitution and therefore were illegal speech.

In a prior appeal, this Court held that it had jurisdiction under 28 U.S.C. § 1292(a)(1) because the district court's order allowing the government's asset seizures to stand was, in effect, a preliminary injunction. *In re Any & All Funds Held in Republic Bank of Arizona Accounts*, 774 F. App'x 400, 401 (9th Cir. 2019) ("*In re Any & All Funds I*"), Attachment A hereto. The Court remanded for the district court to address the merits of Claimants' challenges. When the district court refused to vacate or alter the seizures and Claimants appealed a second time, a different panel of this Court held that there was no appellate jurisdiction. *In re Any & All Funds Held in Republic Bank of Arizona Accounts*, 817 F. App'x 483, 485 (9th Cir. 2020) ("*In re Any & All Funds II*"), Attachment B.

The panel's memorandum disposition is not only inconsistent with the prior decision in this case, it contradicts *United States v. Oriho*, 969 F.3d 917 (9th Cir. 2020), which was published contemporaneously. *Oriho* reaffirms a 40-year line of Ninth Circuit cases holding that pretrial orders allowing government asset

1

restraints are appealable as preliminary injunctions under 28 U.S.C. § 1292(a)(1) and as collateral orders.

The panel's decision instead relied on *DiBella v. United States,* 369 U.S. 121 (1962), interpreting that case as this Court has never done before. *DiBella* precludes interlocutory appellate review when a party seeks to suppress evidence or interfere with an ongoing criminal prosecution. Claimants' motion did no such thing. Claimants raised constitutional challenges regarding the predicate for its pretrial seizures. *DiBella* has never been applied to preclude appellate jurisdiction of constitutional violations in seizures and pretrial restraints of assets for forfeiture claims. To the contrary, a long history of decisions by this Court, other Circuits, and the Supreme Court have considered and decided such issues on interlocutory appeal.

Rehearing *en banc* is warranted under Fed. R. App. P. 35(a) because the panel's decision conflicts with numerous decisions of this Court: *United States v. Crozier*, 674 F.2d 1293 (9th Cir. 1982), *cert. granted & judgment vacated on other grounds*, 468 U.S. 1206 (1984), *ruling on appellate jurisdiction reaffirmed on remand*, 777 F.2d 1376 (9th Cir. 1985); *United States v. Spilotro*, 680 F.2d 612 (1982); *United States v. Roth*, 912 F.2d 1131, 1133 (9th Cir. 1990); *United States v. Ripinsky*, 20 F.3d 359, 361 (9th Cir. 1994); *Oriho*, 969 F.3d at 923; *In re Any & All Funds I*, 774 F. App'x at 401. *See* Sections III.A, III.B, below.

Moreover, the Court should grant rehearing *en banc* because the issue here is of exceptional importance. The Ninth Circuit's decisions allowing appellate review concerning constitutional flaws of pre-trial asset seizures is in accord with

precedents of nine other circuits.  *See* Section III.C, below.  But if the panel's interpretation were correct, the government would have *carte blanche* to effect pretrial seizures of defendants' assets with no appellate oversight, at least not until after the conclusion of a criminal trial when improper pretrial seizures would have worked their harm and belated appellate review would be meaningless.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Claimants are former publishers of a string of 17 weekly newspapers across the country, including the *Phoenix New Times,* the *SF Weekly*, and New York City's *Village Voice*, under the corporate name Village Voice Media Holdings, LLC (VVM).  The government is pursuing these individuals because VVM also formerly owned a website, Backpage.com, which was the second largest classified advertising site in the country (after Craigslist).

This case concerns the government's use of civil seizures and forfeiture proceedings to seize and restrain virtually all of Claimants' assets – their bank accounts and investments, real property, and even their family members' accounts – based on allegations that ads posted by third parties on Backpage.com were used for prostitution, and therefore every dollar earned by Claimants is subject to seizure and forfeiture.  Beginning on April 4, 2018 and continuing through July 2018, the government obtained some 24 *ex parte* civil seizure warrants, through which it seized millions of dollars from Claimants, their companies, and their families.[1]  ER 19-20, 484-85.  At the same time, on April 5, 2018, the government

---

[1] Claimants, who are appellants in this matter, are James Larkin, Michael Lacey, John Brunst, and Scott Spear.

filed a grand jury indictment in the District of Arizona charging Claimants and three former employees of Backpage.com with violations of the Travel Act, money laundering, and conspiracy (18 U.S.C. §§ 371, 1952, 1956, 1957). ER 117-77, 582-642. The government's seizures deprived Claimants of their funds to defend the criminal charges, and, a short time later, the government went still further, seizing trust accounts held by attorneys for representation of Claimants and their companies.

The substantive issue of this case is whether such draconian seizures may be allowed based on the government's untested *ex parte* allegations and resultant probable cause findings, when First Amendment precedent holds that the government may not impose restraints or penalties related to speech without first *proving* in an adversarial proceeding that the speech was unlawful. *See Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46 (1989); *Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 US. 105 (1991).

The present appeal is the second time this case has come to the Ninth Circuit. At the outset of the case in the district court, Claimants moved to vacate the seizures on First Amendment, due process, and other constitutional grounds. The district court refused to consider the motion, allowed the seizures and asset restraints to remain in place, and stayed proceedings. ER 1-2. Claimants appealed, and this Court held that it had jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), because the district court's order was tantamount "to a preliminary injunction that keeps the seizures in place." *In re Any & All Funds I* at 2; 774 F. App'x at 401

4

(citing *Roth*, 912 F.2d at 1133).[2]  The panel remanded for decision on the merits of Claimants' motion.  *Id*. at 3.

On remand, without a hearing, the district court rejected Claimants' motion, thereby continuing the asset restraints as before.  Claimants appealed again, but the panel on the second appeal[3] held that it lacked jurisdiction.  The panel did not mention the Court's prior ruling or the *Roth* line of cases holding that orders restraining assets are appealable.  This time, the Court held that § 1292(a)(1) did not apply because the district court had not formally entered a preliminary injunction order.  *In re Any & All Funds II* at 2; 817 F. App'x at 485.  Instead, the panel invoked *DiBella* to conclude that there can be no interlocutory appellate jurisdiction to challenge seizures or constitutional violations unless the forfeiture proceeding is "in no way" related to "a criminal prosecution *in esse*."  *Id.*  The panel did not hear oral argument.

### III.  REASONS FOR GRANTING REHEARING

### A.  The Panel Decision Conflicts With *United States v. Oriho.*

Almost simultaneous with the panel decision, the Ninth Circuit issued a published opinion in *United States v. Oriho*, adopting and applying the *Roth* line of cases holding that pretrial orders restraining assets for forfeiture are appealable under § 1292(a)(1).  969 F.3d at 923.  In that case, the district court entered an

---

[2] Judges Milam Smith and Michelle Friedland, and District Judge Carol Amon (E.D.N.Y.), sitting by designation.

[3] Judges Diarmuid O'Scannlain and Consuelo Callahan, with District Judge Michael Watson (S.D. Ohio) sitting by designation.

order on the government's motion to require an individual charged with healthcare fraud to repatriate assets from overseas accounts. The defendant challenged the order, asserting that it compelled self-incrimination. This Court held that it had jurisdiction to hear the interlocutory appeal. Citing *Roth*, the Court concluded that "a pre-trial order restraining assets for forfeiture [is] appealable because such an order is a preliminary injunction for procedural purposes and therefore appealable … under [§] 1292(a)(1)." *Id.* (internal quotation marks omitted). This is so, the Court held, despite that the district court's order "was not specifically styled as a restraining order or injunction" because "it clearly has that 'practical effect.'" *Id.* Addressing the merits, the Court held that district court's order violated the Fifth Amendment. *Id.* at 924-27.

**B.     *Oriho* Reaffirms Consistent Ninth Circuit Authority That Permits Interlocutory Appeal of Orders Restraining Assets for Forfeiture.**

*Oriho* follows a series of Ninth Circuit cases holding that district court orders restraining assets for potential forfeiture are appealable before final judgment. This unbroken line of cases dates back almost 40 years, to *United States v. Crozier*. There, an indicted defendant and his girlfriend challenged an *ex parte* order seizing and restraining almost all their real and personal property for forfeiture. This Court held it had jurisdiction on interlocutory appeal because the claimants' due process challenge (that they were entitled to a hearing) was collateral to the issue of guilt or innocence on the criminal charges, and postponing review would effectively moot the constitutional claims. 674 F.2d at 1297. On the

merits, the Court held that the district court erred in failing to provide a hearing about the challenges to the government's seizures. *Id.* at 1298.

The Court followed *Crozier* in *United States v. Spilotro*, in which an indicted defendant challenged a pretrial order restraining his interests in a business the government alleged was involved in racketeering. 680 F.2d at 614. Again the Court found that a challenge to asset restraints for forfeiture could be asserted on interlocutory appeal because the defendant's rights would be lost if review was postponed until after final disposition of the criminal charges, and allowing review would not impair or delay the criminal trial because the constitutional issues raised about the seizures were collateral to the criminal charges. *Id.* at 615. The Court went on to hold that the failure to provide a prompt hearing violated the defendants' due process rights. *Id.* at 617-18 ("The Government may not wait until trial to produce adequate grounds for forfeiture.").

In *United States v. Roth*, the Court held that a "district court order freezing the proceeds of [a property sale] is appealable as a preliminary injunction under 28 U.S.C. § 1292(a)(1)." 912 F.2d at 1132. The Court wrote: "The government's argument that a pre-trial order restraining assets is a non-appealable interlocutory order ignores *Crozier*'s holding that such an order is a preliminary injunction for procedural purposes and therefore appealable … under 1292(a)1).". *Id.* at 1133.

In *United States v. Ripinsky*, the Court followed *Roth* to hear an interlocutory appeal of an *ex parte* order freezing an indicted defendant's assets for possible forfeiture upon conviction. By this time, the Court's recognition of appellate jurisdiction under the *Crozier-Roth* line of cases was uncontroversial:

"We have jurisdiction pursuant to § 1292(a)(1).  A pretrial order restraining assets is a preliminary injunction for procedural purposes and is therefore appealable as such."  20 F.3d at 361.  The Court went on to hold that the government may not seize or restrain substitute assets pretrial.  *Id.* at 362-65.

*Oriho* adheres to this line of Ninth Circuit authority, as did the panel on the first appeal in this case.

## C.    Ninth Circuit Authority Is Consistent With Decisions of Other Circuits

Nine other Circuits likewise allow interlocutory appellate review of district court orders upholding pretrial seizures or asset restraints, following the same rationales as *Roth*, *Oriho* and the other Ninth Circuit decisions discussed above.

The Second, Third, Fifth, Seventh, Eleventh and D.C. Circuits have all held that interlocutory appeals of pretrial orders seizing or restraining assets for forfeiture are appealable as preliminary injunctions under § 1292(a)(1).  *See, e.g.*, *United States v. Real Prop. Located at 1407 North Collins St, Arlington, Texas.*, 901 F.3d 268, 272 (5th Cir. 2018) (court had jurisdiction under § 1292(a)(1) to hear appeal of district court denial of motion challenging seizure warrants and *lis pendens*); *United States v. Kaley*, 579 F.3d 1246, 1252 (11th Cir. 2009) ("Protective orders designed to preserve forfeitable assets, like the one in this case, qualify as injunctions for the jurisdictional purposes of § 1292(a)(1)."), *aff'd*, 571 U.S. 320, 325 (2014) (Supreme Court heard case on interlocutory appeal); *United States v. E-Gold, Ltd.*, 521 F.3d 411, 413-15 (D.C. Cir. 2008), *abrogated on other grounds by Kaley v. United States*, 571 U.S. 320 (2014); *United States v. Melrose E. Subdivision*, 357 F.3d 493, 496-98 & n.2 (5th Cir. 2004); *United States v.*

*Kirschenbaum,* 156 F.3d 784, 788 (7th Cir. 1998); *United States v. Floyd*, 992 F.2d 498, 499-500 (5th Cir. 1993) ("pretrial asset restraining orders are appealable as 'injunctions' under § 1292(a)(1)"); *In re Assets of Martin*, 1 F.3d 1351, 1355 (3d Cir. 1993); *United States v. Statewide Auto Parts, Inc.*, 971 F.2d 896, 901 (2d Cir. 1992); *United States v. Monsanto*, 836 F.2d 74, 77 (2d Cir. 1987), *rev'd on other grounds*, 491 U.S. 600 (1989).

Other Circuits also recognize that pretrial seizures and restraining orders to secure assets for possible forfeiture may be addressed on interlocutory appeal because they are collateral to criminal proceedings. "[F]orfeiture orders are appealable interlocutory matters because the constitutionality of the seizure is a matter separate from and collateral to the issue of the defendant's guilt." *United States v. Lewis*, 759 F.2d 1316, 1327 n.4 (8th Cir. 1985); *accord United States v. Ferrantino*, 738 F.2d 109, 110 (6th Cir. 1983) ("The disputed issues – the propriety of the issuance of the restraining orders and which property, if any, is subject to forfeiture – are collateral to and separate from the issue of defendants' guilt or innocence. While the restraining order here is not entirely separable from the RICO proceedings in the sense that those proceedings will finally adjudicate the question of whether defendants' 'interest' in the property is subject to forfeiture, we find that it is separable in the sense that the question of whether the statute and the Constitution permit an order entered under circumstances such as these will not be answered by the disposition of the pending criminal trial."); *United States v. Musson*, 802 F.2d 384, 385 (10th Cir. 1986).

**D.  The Panel's Interpretation of *DiBella* Is Inconsistent With Ninth Circuit Cases.**

The panel decision does not mention *Crozier*, *Roth* or the other decisions of this Court and other Circuits holding that pretrial orders restraining assets for potential forfeiture are subject to immediate appeal to protect constitutional rights. Instead, citing *DiBella*, the panel held that interlocutory appeal is precluded as to any challenge of a pre-trial seizure if there is any "criminal prosecution *in esse*." *In re Any & All Funds II* at 2; 817 F. App'x at 485.

The decision fails to recognize that *DiBella* and Ninth Circuit cases applying it all concerned motions to suppress evidence for a pending criminal prosecution and attempts to appeal rulings denying such motions.  In *DiBella*, the Supreme Court drew a distinction between pre-trial motions seeking to preclude evidence for a prosecution (rulings that "necessarily determine the conduct of the [upcoming] trial and may vitally affect the result"), as compared to motions about property restraints and seizures for which "immediate appeal has been allowed … as collateral" because such rulings "will not 'affect or be affected by … the merits of the case.'"  369 U.S. at 126, 127 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

For example, in *Andersen v. United States*, 298 F.3d 804 (9th Cir. 2002),[4] the Court held that interlocutory appeal was precluded under *DiBella* because individuals under investigation for tax crimes challenged seizures of records seized for evidence and sought "to enjoin the IRS from conducting any further searches or

_____

[4] The panel cited and relied upon *Anderson* and *DeMassa*.  *See In re Any & All Funds II* at 3; 817 F. App'x at 484.

seizures" or "from using the material that already was seized." *Id*. at 808. Similarly, in *DeMassa v. Nunez*, 747 F.2d 1283 (9th Cir. 1984), an individual under investigation for a drug-smuggling operation sued for return of all documents seized pursuant to search warrants executed at his offices, which amounted to a motion to suppress under Fed. R. Crim. P. 41(e) as it existed then. 747 F.2d at 1286. The Court held that, under *DiBella*, "an ongoing criminal proceeding is not to be interrupted by an appeal from an order denying suppression of evidence that may be used in that proceeding." *Id.* (internal quotation omitted).

All of the cases the panel cited concerned situations in which parties sought to suppress evidence seized for a criminal case or otherwise sought to impede an ongoing criminal prosecution or investigation. *None* concerned seizures or restraints of financial assets solely on the basis that they may be subject to forfeiture.

The panel's decision stated that the district court's order upholding the restraint of Claimant's assets was not "separate from the merits of the criminal case," *In re Any & All Funds II* at 4; 817 F. App'x at 485, but gave no explanation. In fact, Claimants challenged the government's pretrial seizures as antithetical to First Amendment law – more specifically that the government may not seize assets based on allegations or probable cause that they were somehow connected to unlawful speech, because the First Amendment requires the government to *prove* speech is unlawful before it can effect seizures or restraints.[5] Claimants did not

---

[5] The panel's decision ignores the distinction long recognized by the Supreme Court between pretrial seizures affecting First Amendment interests that are

seek to suppress any evidence nor in any other way seek to enjoin or impede the prosecution.

The decision instead imposed a rule that *DiBella* precludes any interlocutory appeal if there is any pending criminal prosecution connected in any way to the forfeiture case in which an appeal is brought. *See In re Any & All Funds II* at 2; 817 F. App'x at 484-85 (appellate issues must "be *in no way* tied to a criminal prosecution *in esse*" (emphasis added)). As a practical matter, this would mean that interlocutory appellate scrutiny of pretrial seizures is barred in most if not all cases, as the government ordinarily uses civil forfeiture seizures in conjunction with criminal prosecutions. And the government would control appellate jurisdiction – it can prevent immediate judicial oversight of asset seizures any time it has filed related criminal charges, no matter how improper or unconstitutional the seizures may be.

*DiBella* has never been interpreted so expansively. The precedents of both this Court and other Circuits make clear that pretrial orders restraining assets for forfeiture are appealable *because they raise issues that are collateral* to the question of guilt or innocence in criminal proceedings. *Crozier*, 674 F.2d at 1297; *Spilotro*, 680 F.2d at 615; *Lewis*, 759 F.2d at 1327; *Ferrantino*, 738 F.2d at 110.

The panel's interpretation would mean that numerous decisions of this Court, other Circuits, and the Supreme Court have been wrongly decided. In

_____

impermissible when based on no more than probable cause, *see Fort Wayne Books*, 489 U.S. at 46, and post-conviction forfeitures after the government has proven its case, *see Alexander v. United States*, 509 U.S. 544, 552 (1993) ("Here, by contrast, the seizure was not premature because the Government established beyond a reasonable doubt the basis for the forfeiture.").

*Oriho*, *Roth*, *Crozier*, *Spilotro*, and *Ripinsky*, the parties challenging forfeiture-based seizures and asset restraints had all been indicted, and in each case there were parallel criminal proceedings *in esse* when this Court heard the interlocutory appeals. *See Oriho*, 969 F.3d. at 923; *Roth*, 912 F.2d at 1132; *Crozier*, 674 F.2d at 1295; *Spilotro*, 680 F.2d at 614; *Ripinsky*, 20 F.3d at 360. Yet, under the panel's rationale those appeals *all* were improper. This Court should have never heard appeals deciding that lack of a prompt hearing on pretrial seizures violates due process, *Spilotro*, 680 F.2d at 617-18; *Crozier*, 777 F.2d at 1383-84; that the government may not seize and hold substitute assets for possible forfeiture, *Ripinsky*, 20 F.3d at 363-65; or that an order requiring a defendant to identify and repatriate accounts may violate Fifth Amendment self-incrimination rights, *Oriho*, 969 F.3d at 924-25.

Similarly, the Supreme Court's decisions in *Monsanto* and *Kaley* addressing Sixth Amendment rights in connection with pretrial asset seizures also should never have been decided. Those cases, too, were heard on interlocutory appeals while there were parallel criminal proceedings *in esse*. *See Monsanto*, 836 F.2d at 77 (jurisdiction based on § 1292(a)(1)) (addressing merits of Sixth Amendment issues on certiorari); *Kaley*, 579 F.3d at 1252 (jurisdiction based on § 1292(a)(1))*aff'd*, 571 U.S. at 320 (Supreme Court heard case and decided constitutional issues on interlocutory appeal).

**E.    The Panel's Decision Raises Issues of Exceptional Importance.**

*En banc* rehearing is reserved for circumstances "necessary to secure or maintain uniformity of the court's decisions," or that "involve[] a question of

exceptional importance." Fed. R. App. P. 35(a)(1) & (2). As discussed above, *en banc* rehearing is appropriate here because the panel's decision directly contradicts this Court's precedents.

Review is appropriate, as well, because the panel's decision concerns an issue of exceptional importance – left uncorrected, it gives the government unchecked powers to use asset seizures strategically to pursue and disadvantage defendants, free from appellate review. This is contrary to concerns recently expressed by the Supreme Court about governmental use – and misuse – of seizure and forfeiture powers. In *Luis v. United States*, 136 S. Ct. 1083 (2016), rejecting pretrial seizures of substitute assets for forfeiture, the Court cautioned that the government's tactics must be carefully scrutinized because "an unlimited power to freeze assets before trial 'would unleash a principle of constitutional law that would have no obvious stopping place.'" *Id.* at 1094, 1098 (Thomas, J., concurring in judgment and quoting plurality opinion); *see also Kaley*, 571 U.S. at 350 (Roberts, C.J., dissenting) ("few things could do more to undermine the criminal justice system's integrity … than to allow the Government to initiate a prosecution and then, at its option, disarm its presumptively innocent opponent by depriving him of his counsel of choice" (internal quotation omitted)).

The Supreme Court has also recognized the importance of prompt appellate review of asset seizures: "[A] restraining order might as well be a forfeiture; that is, the restraint itself suffices to completely deny [the] constitutional right," *Luis*, 136 S. Ct. at 1094. And the Court has particularly made clear the need for interlocutory review in the context of seizures affecting First Amendment rights.

*Fort Wayne Books*, 489 U.S. at 56 (accepting interlocutory appeal of pretrial seizures notwithstanding pending criminal proceedings, stating: "Whichever way we were to decide on the merits, it would be intolerable to leave unanswered, under these circumstances, an important question of freedom of the press under the First Amendment.").

The appellate jurisdiction issue here is of exceptional importance, because the panel's decision represents a radical change in the law that precludes meaningful appellate review of constitutional challenges to government pretrial seizures and asset restraints.

## IV.    CONCLUSION

For the forgoing reasons, Claimants respectfully request rehearing of the panel's decision and rehearing *en banc*.

RESPECTFULLY SUBMITTED this 5th day of October, 2020.

DAVIS WRIGHT TREMAINE LLP

By   *s/ James C. Grant*
     James C. Grant

*Counsel for Claimants-Appellants James Larkin and Michael Lacey*

I certify that all other signatories listed and on whose behalf this filing is submitted, concur in and have authorized the filing.

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Circuit Rules 35-4 and 40-1, the attached petition for panel rehearing and rehearing *en banc* contains 3,886 words, and is prepared in a format, type face, and type style that complies with Fed. R. App. P. 32(a)(4)-(6).

DATED this 5th day of October, 2020.

DAVIS WRIGHT TREMAINE LLP

By *s/ James C. Grant*
    James C. Grant

*Counsel for Movants-Appellants*
*James Larkin, John Brunst, Michael Lacey,*
*and Scott Spear*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 5th day of October, 2020.

DAVIS WRIGHT TREMAINE LLP

By  *s/ James C. Grant*
      James C. Grant